# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

LAKE HAVEN MHP ASSOCIATES LLC,

                              Plaintiff,

            -vs-

ROCKY MOUNTAIN PURE SNOW, INC. a/k/a
ROCKY MOUNTAIN PURE, INC., DUANE               DECISION & ORDER
QUINN, INDIVIDUALLY AND DOING BUSINESS
AS ROCKY MOUNTAIN PURE, INC., GREGORY          10-CV-6679-CJS
QUINN, INDIVIDUALLY AND DOING BUSINESS
AS ROCKY MOUNTAIN PURE, INC., EEC
(NORTH AMERICA) LLC, and CARL MATTIA,
INDIVIDUALLY AND DOING BUSINESS AS EEC
NORTH AMERICA LLC,

                              Defendants.

## APPEARANCES

For Plaintiff:                        Thomas A. Fink, Esq.
                                      Dennis J. Annechino, Esq.
                                      Davidson Fink LLP
                                      28 East Main Street, Suite 1700
                                      Rochester, NY 14614

For Defendants Rocky Mountain Pure    William A. Lundquist, Esq.
Snow, Inc., Duane Quinn and Gregory   Hodgson Russ LLP
Quinn:                                The Guaranty Building
                                      140 Pearl Street, Suite 100
                                      Buffalo, NY 14202

## INTRODUCTION

**Siragusa, J.** This diversity breach of contract and fraud case is before the Court on

Defendants' motion to dismiss, and Plaintiff's cross-motion to amend the complaint. For

the reasons stated below, Plaintiff's motion is granted and Defendants' motion is denied. The case will proceed on the amended complaint.[1]

## BACKGROUND

Defendants Rocky Mountain Pure Snow, Inc., Duane Quinn and Gregory Quinn ("Defendants") moved for dismissal of the original complaint arguing that it did not sufficiently allege anything more than a cause of for breach of contract against the corporate entity Rocky Mountain Pure Snow, Inc. a/k/a Rocky Mountain Pure, Inc. (Def.s' Mem. of Law (Docket No. 10-1) at 7.) Accordingly, Defendants argued that all other claims should be dismissed. In response, Plaintiff filed an application to amend, including, a proposed amended complaint. Since Federal Rule of Civil Procedure 15 requires the Court to freely grant a motion to amend, except under certain circumstances, the Court will review the allegations in the proposed amended complaint with regard to the motion to dismiss.

## STANDARDS OF LAW

### *Motion to Amend*

The Federal Rules of Civil Procedure provide that leave to file an amended complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, leave to amend may be denied in the face of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment,

---

[1]On April 6, 2011, the Court granted Plaintiff's motion for entry of a default judgment against EEC (North America) LLC and Car Mattia and the Clerk entered judgment against them on April 7, 2011.

[or] futility of amendment...." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also United States v. Continental Illinois Nat. Bank and Trust Co.*, 889 F.2d 1248, 1254 (2d Cir. 1989).

***Motion to Dismiss***

The U.S. Supreme Court, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), clarified the standard to be applied to a 12(b)(6) motion:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id*. at 1964-65 (citations and internal quotations omitted).  *See also*, *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting *Bell Atl. Corp. v. Twombly*) (footnote omitted); *Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007) (Indicating that *Bell Atl. Corp. v. Twombly* adopted "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible[,]" as opposed to merely conceivable.)

When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (1999), *cert. denied*, 531 U.S. 1052 (2000).  On the other hand, "[c]onclusory allegations of the legal status of the defendants' acts need not be

accepted as true for the purposes of ruling on a motion to dismiss." *Hirsch v. Arthur Andersen & Co*., 72 F.3d 1085, 1092 (2d Cir. 1995)(*citing In re American Express Co. Shareholder Litig.*, 39 F.3d 395, 400-01 n. 3 (2d Cir.1994)). As the Supreme Court clarified in *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009):

> Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555, (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*., at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S. Ct. at 1949–50.

## ANALYSIS

Not only does the proposed amended complaint set forth a plausible claim of action for breach of contract against Rocky Mountain Pure Snow, Inc., which is not disputed, but against the remaining defendants as well. Further, the Court determines upon its review of the proposed amended complaint that it plausibly pleads causes of action for conversion, fraud, unjust enrichment, and conspiracy to commit conversion and to commit fraud.

Though not specifically raised by Defendants in their motion papers, the Court is aware that in some instances, a fraud claim cannot be maintained in a breach of contract

case. For example, in *Rushing v. Nexpress Solutions, Inc.*, No. 05-CV-6243 CJS, 2009

U.S. Dist. LEXIS 2310 (W.D.N.Y. Jan. 14, 2009), the Court wrote:

> a litigant cannot recast a breach of contract case as a tort, and that,
>
>> To maintain a claim of fraud in such a situation, a plaintiff must either: (i) demonstrate a legal duty separate from the duty to perform under the contract; or (ii) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract; or (iii) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages.

*Id.*, 2009 U.S. Dist. LEXIS 2310, 13-14 (quoting *Bridgestone/Firestone v. Recovery Credit Servs.*, 98 F.3d 13, 20 (2d Cir. 1996)). The Court determines that Plaintiff is not precluded from alleging claims of fraud under the circumstances as presented in the factual allegations of the proposed amended complaint.

## CONCLUSION

Plaintiff's motion (Docket No. 14) to amend the complaint is granted and Plaintiff is directed to file and serve the proposed amended complaint as the First Amended Complaint. Defendants' motion to dismiss the complaint (Docket No. 10) is denied.

IT IS SO ORDERED.

Dated:   May 2, 2011
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J.  SIRAGUSA
United States District Judge